Jean BAKER, Cindy Baker, and Debra Domyanic, Appellants,

v.

JOHN PETER SMITH HOSPITAL, INC., Sharon Shannon, and Faye Long, Appellees.

No. 2-90-113-CV.

Court of Appeals of Texas, Fort Worth.

Jan. 16, 1991.

Rehearing Overruled Feb. 26, 1991.

Teris L. Brantley, Robert J. Wilson & Assoc., Burleson, for appellants.

Tim Curry, Crim. Dist. Atty. and Barrie Howard, Asst. Crim. Dist. Atty., for appellees.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

## OPINION

MEYERS, Justice.

This is an appeal from a summary judgment rendered against Jean Baker, Cindy Baker, and Debra Domyanic, as plaintiffs below in a wrongful death suit brought against Tarrant County Hospital District d/b/a John Peter Smith Hospital, Faye Long, and Sharon Shannon, under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. ch. 101 (Vernon 1986 and Supp.1991).

Appellants bring four points of error. The first of these points states that the trial court erred in granting appellees' motion for summary judgment because said motion did not address the live pleadings. Appellants complain in their second point that the trial court erred in granting appellees' motion for summary judgment because the issues and allegations contained in said motion had previously been addressed by the court and overruled. Appellants assert in their third point of error that the trial court erred in granting appellees' motion for summary judgment because a fact issue exists concerning whether the decedent's use of a belt constituted use of tangible personal property under the waiver provision of the Texas Tort Claims Act. The fourth point raised by appellants argues that the trial court erred in finding that appellants failed to state a cause of action within the waiver provisions of governmental immunity by the Texas Tort Claims Act.

We affirm.

Decedent, Bobby Glen Baker, was admitted as a potentially suicidal patient to the open unit psychiatric department of John Peter Smith Hospital on October 18, 1984. Upon decedent's admission to the hospital, he was allowed to retain his personal items, among which was a belt. This was in compliance with hospital policy. On October 30, 1984, while still a patient in the hospital, decedent used his own belt to commit suicide by hanging.

Appellants, decedent's wife and daughters, filed their original petition on June 26, 1985. Appellants filed their first amended petition on July 17, 1985. On August 11, 1986, appellees filed special exceptions to appellants' first amended petition alleging that the petition failed to state a cause of action. This special exception was sustained and appellants replead on September 18, 1986. On September 22, 1986, appellees specially excepted to appellants' second amended petition alleging once again that appellants failed to state a cause of action. This special exception was also sustained and on October 14, 1986, appellants filed their third amended petition. Appellants filed their fourth amended petition on December 3, 1986, to which appellees specially excepted for failure to state a cause of action on August 7, 1987. These special exceptions were overruled on November 10, 1987.

In February, 1988, appellees filed their first motion for summary judgment on the grounds that appellants had failed to state a cause of action. Appellees also filed their first amended answer which contained a special exception to appellants' fourth amended petition alleging that it failed to state a cause of action. This special exception was overruled on April 18, 1988, and the motion for summary judgment was overruled on June 7, 1988.

On March 28, 1990, appellees filed their second motion for summary judgment. On April 16, 1990, appellants filed a response in the form of a motion to dismiss or abate appellees' motion for summary judgment. In this motion appellants argued that appellees' motion for summary judgment should be abated because appellants filed a fifth amended original petition after the motion for summary judgment had been filed. Appellants also stated that appellees' motion for summary judgment should be abated or dismissed because the court had overruled an earlier motion for summary judgment which had been filed by appellees. No affidavits or other summary judgment evidence were attached to appellants' response. The only attachment was a file-marked unverified copy of appellants' fifth amended original petition. Nothing in appellants' motion to dismiss or abate appellees' motion for summary judgment referred the trial court to appellants' response to appellees' first motion for summary judgment.

On March 29, 1990, one day after appellees filed their motion for summary judgment, appellants filed their fifth amended original petition. This petition contained allegations nearly identical to those contained in appellants' fourth amended petition differing only in its exclusion of Sharon Shannon and Faye Long as defendants and the addition of the following allegations: 1) appellees failed to establish policies or procedures of suicide-risk patients; 2) appellees failed to warn appellants that decedent would be allowed to retain possession of his belt; 3) appellees made false representations to appellants; 4) appellees are liable under the doctrine of res ipsa loquitur; and 5) the hospital's employees failed to record the statements of decedent's relatives and visitors.

On April 20, 1990, appellants' motion to strike was overruled and appellees' motion for summary judgment was granted.

The first point of error argued by appellants is that the trial court erred in granting appellees' motion for summary judgment because said motion did not address the live pleadings.

■ Summary judgments must be supported by the pleadings on file, however, the pleadings themselves do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). While a nonmovant is not required to file a response to defeat a motion for summary judgment,

should he fail to do so, he may only seek reversal of the judgment by attacking the legal sufficiency of the movant's summary judgment proof. *Id.* at 678.

It is not a sufficient response to a motion for summary judgment to file an amended petition after the motion for summary judgment has been filed. *Feller v. Southwestern Bell Telephone Co.*, 581 S.W.2d 775, 776 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). This is true although the points stated in the amended petition would have raised fact issues regarding the defendant's liability if a proper response to the motion for summary judgment had been filed. *Id.; see also Hitchcock v. Garvin*, 738 S.W.2d 34, 36 (Tex. App.—Dallas 1987, no writ) (issues raised in amended petition not considered on appeal of summary judgment as grounds for reversal).

Prior pleadings do not preserve fact issues for appeal absent a response to a summary judgment motion which presents facts supported by independent proof. *Galland v. Rosenberg*, 630 S.W.2d 294, 296 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). A nonmovant's response to a motion for summary judgment must present fact issues by means of proper summary judgment evidence such as a deposition, admission or affidavit, however a petition, although it may raise a cause of action, cannot serve to prove an issue of material fact. *Doneghy v. State*, 334 S.W.2d 506, 508 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.).

In the instant case, appellants' response to appellees' motion for summary judgment consisted of a motion to dismiss or abate because a fifth amended original petition had been filed after the motion for summary judgment was filed. Since the attached fifth amended pleading did not constitute summary judgment proof and no other summary judgment proof was attached, there was no independent proof by proper summary judgment evidence specifying fact issues for the trial court which would prevent the trial court from rendering summary judgment in favor of appellees.

In contrast, appellees' motion for summary judgment proof was clearly sufficient. It consisted of four affidavits and appellants' responses to interrogatories. One affidavit was from the executive administrator of John Peter Smith Hospital stating that the hospital was created pursuant to the Texas Constitution and was a political subdivision of the State of Texas. Two of the affidavits were from nurses Sharon Shannon and Faye Long. These affidavits listed the nurses' experience and qualifications along with their statements that the decedent was treated with acceptable and reasonable standards of care. A fourth affidavit was provided by Dr. Ann Turbeville who stated that the care given to the decedent was appropriate.

The attached responses of appellants to appellees' interrogatories demonstrate the allegations made by appellants in this cause and demonstrate appellants' failure to state a claim.

The evidence to support appellees' motion for summary judgment was sufficient. As explained above, an amended pleading, such as the one upon which appellants' rely, is not a proper response to a motion for summary judgment which has been filed. *See Feller*, 581 S.W.2d at 776. Further, pleadings are not proper summary judgment proof. *See Clear Creek*, 589 S.W.2d at 677. Since appellants did not file a proper response to appellees' motion for summary judgment appellants' only recourse would be to attack the legal sufficiency of appellees' summary judgment evidence. *See id.* Such evidence being clearly sufficient, appellants' first point of error is overruled.

As explained above, due to appellants' failure to file a response to appellees' motion for summary judgment, an attack upon the legal sufficiency of appellees' summary judgment evidence is the only means by which appellants' may attack this summary judgment on appeal. The matter of the sufficiency of this evidence being addressed, we deem it unnecessary to address other points raised by appellants. Appellants' remaining three points of error are overruled.

The judgment of the trial court is affirmed.