Elizabeth DUBOIS, Appellant,

v.

HARRIS COUNTY, Texas, Appellee.

No. C14–92–01242–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 2, 1993.

Charles C. Guidry, Houston, for appellant.

Frank E. Sanders, Houston, for appellee.

Before ROBERTSON, CANNON and MORSE (Sitting by Designation), JJ.

## OPINION

ROBERTSON, Justice.

This appeal comes to us from a summary judgment granted in favor of appellee, Harris County. The appellant, Elizabeth Dubois, complains in two points of error that the granting of the summary judgment was erroneous because the trial court applied the wrong statute in reaching its decision and

because appellant raised a genuine issue of material fact as to whether appellee acted willfully, wantonly, or with gross negligence. We affirm.

Appellant's injury occurred on the premises of Elizabeth Kaiser Meyer Park, a county-owned park facility, where she tripped and fell because of a hole in the ground. Appellee's motion for summary judgment was based on its argument that section 75.002(c) of the Texas Civil Practice and Remedies Code limits the county's liability when a governmental entity, acting as a private landowner, gives permission to another to enter its land for recreational purposes. Appellant argues in her first point of error that this statutory provision is not applicable and asserts that the trial court should have applied instead section 101.022 of the Texas Civil Practice and Remedies Code because of this provision's language concerning duties owed by a governmental unit when a special defect exists that gives rise to a claim.

Appellant argues that the hole she fell in was left by the extraction of a dome post. The park had these posts in place as a traffic deterrent, separating the park's parking area from the park grounds. Appellant claims on appeal, however, that this hole constituted a special defect under section 101.022 of the Texas Tort Claims Act. Appellee did not address this contention in its motion for summary judgment, as it relied entirely on the characterization of the entire premises as a recreational area, thereby avoiding any liability under chapter 101.022. Section 75.002(c) has been held to apply to both governmental entities and private persons. See Martinez v. Harris County, 808 S.W.2d 257, 258 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (holding recreational use statute applies to governmental entities); Tarrant County Water Control Improvement District No. 1 v. Crossland, 781 S.W.2d 427, 436–37 (Tex.App.—Fort Worth 1989, writ denied) (stating statute provides protection to governmental entity just as to private landowner). The duty of care set out is that owed only a trespasser. See TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(c) (Vernon Supp. 1993). Thus, this provision mandates only that the county not cause injury to users of the park through wantonness, wilfulness, or gross negligence. Spencer v. City of Dallas, 819 S.W.2d 612, 618 (Tex.App.—Dallas 1991, no writ); Tarrant County, 781 S.W.2d at 436–37. We recognize that there is some disagreement among the courts of appeals regarding the applicable standard of care when a governmental entity owns recreational areas open to the public. See Mitchell v. City of Dallas, 855 S.W.2d 741, 746–47 (Tex. App.—Dallas 1993, writ requested) (discussing conflicting interpretations of applicability of section 75.002). We have no doubt, however, that the court below was correct in applying section 75.002 as the applicable law in this instance. We do not agree with appellant's reasoning that section 101.022 applies just because a parking facility or roadway happens to exist adjacent to the recreational area. In fact, appellant admitted at oral argument that the roadway and parking area are located within the park. It is apparent that appellant makes this argument to avail herself of section 101.022 that demands a higher standard of care, namely, an affirmative duty to warn, when a "special defect" exists in "excavations or obstructions on highways, roads, or streets ..." TEX.CIV. PRAC. & REM.CODE ANN. § 101.022(b) (Vernon 1986); see generally Tarrant County, 781 S.W.2d at 433–34 (describing statutory meaning of special defect).

Section 75.001 recognizes that a parking area or road would be a necessary and integral part of a recreational area and thus includes a provision stating that the "premises" of the recreational area includes "lands, roads, water, watercourse, private ways, and buildings, structures, machinery, and equipment attached to or located on the land, road, water, watercourse, or private way." TEX.CIV.PRAC. & REM.CODE ANN. § 75.-001(2) (Vernon Supp.1993). According to the ejusdem generis rule, we construe "premises" to include components of the recreational area of the same kind or class as those listed in the statute. See Harris v. Eaton, 573 S.W.2d 177, 179 (Tex.1978) (describing rule of ejusdem generis). In the spirit of this rule of statutory construction, we find it obvious that a structure used within a recreational area to provide parking for persons visit-

ing the area is within the meaning of the term "premises." Appellee provided uncontroverted evidence that the area where the injury occurred was a park that appellant frequented in order to take walks along its nature trail. Uncontroverted evidence also showed that no fee was charged her for this use of the park. This evidence establishes that section 75.002(c) provides the applicable law. Appellee was not required to refute the contention that a special defect existed because such issue does not even bear upon the duty owed pursuant to this provision. Appellee presented competent summary judgment evidence showing the applicability of the recreational use statute and thus established its right to judgment as a matter of law. We overrule point of error one.

■ In her second point of error, appellant contends that appellee's summary judgment proof was legally insufficient to sustain the granting of the summary judgment. Appellant bases this contention on the fact that she alleged gross negligence in an amended original petition. Appellant's original petition, however, did not allege gross negligence, or a breach of the standard of care owed trespassers. Only after the motion for summary judgment was served and set for hearing did appellant file the amended petition asserting this new allegation. The amended pleading was within the requirements of Rule 63 of the Texas Rules of Civil Procedure that requires amendments be filed seven days before a trial. See TEX.R.CIV.P. 63; *Jones v. Houston Materials Company,* 477 S.W.2d 694, 695 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) (stating hearing for summary judgment is considered a trial for the purposes of Rule 63). Thus, the amended petition was properly before the court, and appellant contends that the amended petition raises a fact issue which appellee did not refute in its summary judgment proof. We find, however, that appellee did not have such burden.

■ In reviewing on appeal a motion for summary judgment, our task is to view the summary judgment proof in the light most favorable to the nonmovant. In support of its motion, the movant, or appellee in this case, has to bring forth competent summary judgment proof that there is no genuine material issue of fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). A nonmovant's presenting proof of fact issues will defeat the movant's right to summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979). We find that appellee proffered competent summary judgment evidence sufficient to support the granting of a summary judgment: appellee presented sworn excerpts from deposition testimony, certified by a certificate from the court reporter, and a proper affidavit from a person with personal knowledge establishing the park as a recreational area open to the public at no charge.

■ Because appellee presented proof that it was entitled to judgment as a matter of law, appellant's obligation in her motion opposing the summary judgment was to present proof that a fact issue did exist. If appellant sought to raise a fact issue, the place to do so was in the opposition to the summary judgment through competent summary judgment proof, *not* in an amended original petition filed after the motion for summary judgment was filed. *See Baker v. John Peter Smith Hospital, Inc.* 803 S.W.2d 454, 457 (Tex.App.—Fort Worth 1991, writ denied) (fact issues stated in amended petition cannot be considered as summary judgment proof); *cf. Feller v. Southwestern Bell Telephone Co.,* 581 S.W.2d 775, 776 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ) ("answer" to summary judgment means a response to summary judgment motion, not answer in form of regular pleading). It is clear that appellant offered no competent summary judgment proof to controvert appellee's motion for summary judgment. Appellant only asserts that fact issues exist, such as in the allegation of gross negligence in the amended pleading, without proof supporting these contentions in the answer to the motion for summary judgment. Pleadings alone cannot constitute summary judgment evidence. *Hidalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971).

A nonmovant's response to a motion for summary judgment must present fact issues in the form of proper summary judgment proof. *John Peter Smith Hospital, Inc.,* 803 S.W.2d at 457. With her response to the motion, appellant attached deposition excerpts which were not certified with the required certificate from the court reporter. Unsworn excerpts from a deposition do not constitute proper summary judgment proof. *Harris v. Varo, Inc.,* 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ). Appellant did not have on file with the trial court the deposition whose unsworn excerpts she attached to her response to the motion for summary judgment. Appellant did file with the court a copy of the court reporter certificate, which is an appropriate procedure pursuant to Rule 206(1) of the Texas Rules of Civil Procedure. *Deerfield Land J. Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 609 (Tex.App.—Dallas 1988, writ denied); *see also* Tex.R.Civ.P. 206(1). Because only the certificate was on file, however, we cannot find that the entire deposition was on file with the court. *See Deerfield Land J. Venture,* 758 S.W.2d at 609. Therefore, the omission of an affidavit or other proper authentication of the excerpts leaves appellant with no competent evidence to raise a fact issue to defeat the granting of summary judgment. *Id.* at 610; *see also Marek v. Tomoco Equipment Co.,* 738 S.W.2d 710, 712 (Tex.App.—Houston [14th Dist.] 1987, no writ) (deposition must be on file at time of summary judgment hearing to be considered as summary judgment evidence). Because appellee failed to raise a fact issue to show why summary judgment was not proper in the face of appellee's competent summary judgment proof, we overrule appellant's second point of error.

The judgment of the trial court is affirmed.