NO. 07-02-0206-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 28, 2003

_____

DERRAL NOBLE, APPELLANT

V.

SOUTHWESTERN PUBLIC SERVICE COMPANY, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 80,007-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION[2]**

Derral Noble challenges a summary judgment that he take nothing against
Southwestern Public Service Company (SPS) on his disability discrimination claim under

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.4.

the Americans With Disabilities Act (ADA).[3]  By four issues, Noble contends the trial court (1) abused its discretion in granting SPS's motion for severance of the ADA claim; (2) erred in granting summary judgment on his ADA claim because SPS failed to establish as a matter of law that the ADA claim was barred by any applicable statute of limitations; (3) erred in granting summary judgment that his ADA claim was barred by the doctrines of res judicata, collateral estoppel, issue preclusion, or election; and (4) erred in granting summary judgment on his ADA claim.  Based upon the rationale expressed herein, we affirm.

Noble does not contend that any facts are disputed; thus, only the facts necessary to disposition of this appeal will be discussed.  Noble, an employee of SPS, suffered an on-the-job knee injury in April 1991.  Following surgery, he returned to work in September, but because his knee problems persisted he was placed on restricted duty at his full salary.  On March 4,1992, Noble filed a notice of injury with the Texas Workforce Commission.  When SPS learned that Noble's physician had determined that Noble had reached maximum medical improvement and had an impairment rating of ten percent, SPS sent Noble home to begin a six month waiting period at reduced pay before he could be eligible for SPS's long term disability plan.

On April 19, 1993, Noble filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and then on October 21, 1993, filed his original petition

---

[3]42 U.S.C. § 12101-12213.

in the trial court alleging claims under former article 8307c and the Texas Workers' Compensation Act and also alleging claims of discrimination under former article 5221k of the Texas Commission on Human Rights Act,[4] but did not allege claims under the ADA. Upon jury trial, the trial court granted SPS's motion for instructed verdict on Noble's 8307c claim and the Texas disability discrimination claim. On appeal, we reversed the judgment as to the 8307c claim, but because Noble had not exhausted his administrative remedies applicable to his disability discrimination claim, we affirmed the judgment that he take nothing on the Texas disability discrimination claim. Noble v. Southwestern Public Service Company, No. 07-97-0202-CV (Tex.App.–Amarillo 1998) (not designated for publication) 1998 Tex.App. LEXIS 7997.

After our mandate remanding the article 8307c claim to the trial court of August 18, 1999, Noble filed his second amended petition on December 19, 2000, reasserting his section 451.001 claim and, although not raised by Noble's existing pleadings, he asserted a claim for disability discrimination under the ADA. In response to Noble's amended pleading raising a claim under the ADA, SPS filed special exceptions to the joinder of the ADA claim with the section 451.001 claim and requested a severance. Also, in addition to a general denial, SPS raised affirmative defenses of limitations, res judicata, and collateral estoppel. Then, SPS filed its motion for partial summary judgment as to Noble's ADA claim and for severance. Presenting four grounds, SPS contended the ADA claim

---

[4]Former articles 8307c and 5221k are now codified at Tex. Lab. Code Ann. §§ 451.001 and 21.051 (Vernon 1996), respectively.

3

was barred (1) by limitations under 42 U.S.C. § 12117(a) and (b) and 42 U.S.C. § 2000e-5(f)(1) , or (2) under §16.003 and §16.051 of the Texas Civil Practice and Remedies Code, (3) under the doctrine of election, and (4) by res judicata, collateral estoppel, and issue preclusion. Following a hearing, the trial court granted SPS's motion for summary judgment and signed a judgment dismissing the ADA claim with prejudice and severing it into a separate proceeding. The grounds relied on are not recited in the judgment.

Considering Noble's issues in a logical rather than sequential order, we first consider his fourth issue[5] by which he contends the trial court erred in granting summary judgment and his second issue by which he contends that SPS failed to establish that his ADA claim was barred by the statute of limitations as a matter of law. In our analysis, we will utilize the standard of review of a traditional motion for summary judgment as set out in Kimber v. Sideris, 8 S.W.3d 672, 674 (Tex.App.--Amarillo 1999, no pet.).

Noble contends his ADA claim filed in his December 20, 2000 pleading was timely under the "relation-back" doctrine. In support of his argument that it was timely filed under 42 U.S.C. § 2000e-5, Noble cites Paskuly v. Marshall Field & Company, 646 F.2d 1210 (7th Cir. 1981), *cert. denied*, 454 U.S. 863, 102 S.Ct. 321, 70 L.Ed.2d 162 (1982). *Paskuly* is not controlling here because the decision applying the "relation-back" doctrine was based on Rule 15(c) of the Federal Rules of Civil Procedure, which is not controlling here.

---

[5]*See* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

4

Noble also contends that because his disability discrimination action under the Texas Commission on Human Rights Act was timely filed, his ADA claim is not barred, but relates back to the first filing under section 16.068 of the Texas Civil Practice and Remedies Code. We disagree for two reasons. In our prior opinion, we held that the trial court did not have jurisdiction of Noble's discrimination claim because he had not exhausted his administrative remedies and affirmed the denial of any recovery by Noble. A claimant seeking to recover for age discrimination in employment must exhaust administrative remedies as a prerequisite to filing a civil action under a statute. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991). Noble's claim is based entirely on a statutory cause of action; therefore, the provisions of the statute are mandatory and exclusive and must be followed or the action is not maintainable due to lack of jurisdiction. Green v. Aluminum Company of America, 760 S.W.2d 378, 380 (Tex.App.--Austin 1988, no writ). In addition, section 16.064 does not operate to "save" the application of the relation back doctrine because it is an exception to the general limitations provision and does not govern proceedings created by statute to enforce statutory rights. Gutierrez v. Lee, 812 S.W.2d 388, 392 (Tex.App.--Austin 1991, writ denied).

Moreover, the December 23, 1998 judgment of this Court severed and remanded to the trial court Noble's claim under section 451.001, but affirmed the judgment that Noble take nothing on his disability discrimination action. Tex. R. App. P. 43.2 and 43.6. Therefore, because we severed the discrimination claim from the section 451.001 claim that was remanded, the judgment affirming denial of the disability discrimination claim

became final. Accordingly, as of December 23, 1998, Noble did not have any "live pleadings" asserting a disability discrimination claim pending in the trial court in cause number 80,007-A for purposes of application of section 16.068. Issues four and two are overruled.

By his first issue, Noble contends the trial court erred in severing the disability discrimination claim from his section 451.001 claim. We disagree. Under Rule 41 of the Texas Rules of Civil Procedure a claim may be properly severed if it is part of a suit which involves more than one cause of action. Here, the trial court having granted SPS's motion for partial summary judgment on the discrimination claim, severance of the claims did not constitute an abuse of the broad discretion vested in the trial court. Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 525 (Tex. 1982). Issue one is overruled.

Because a summary judgment may be affirmed on appeal if any grounds presented are meritorious, and the judgment of the trial court did not specify or state the grounds relied on, our disposition of issues one, two, and four pretermits our consideration of issue three.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Quinn, J., concurring.

6

NO. 07-02-0206-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 28, 2003
_____

DERRAL NOBLE,

Appellant

v.

SOUTHWESTERN PUBLIC SERVICE COMPANY,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 80,007-A; HON. DAVID L. GLEASON, PRESIDING
_____

*Concurring Opinion*
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[******]

I concur in the majority opinion and add the following.

First, to the extent Derral Noble asserts on appeal that his American with Disabilities

Act (ADA) claim relates back to his retaliation claim arising under §451.001 of the Texas

---

[******]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

7

Labor Code (or Noble's "TWCA" claim), the ground was not urged below. Rather, and in response to the motion for summary judgment, he argued that "the ADA and TCHR [Texas Commission on Human Rights] claim both [were] derived from the same set of facts and occurrences." Nothing was said of its relationship to the claim founded on §451.001 of the Labor Code. Consequently, his having failed to assert to the trial court that the ADA claim related back to the TWCA claim now prevents him from urging that contention on appeal. *See* TEX. R. CIV. P. 166a(c) (stating that issues not presented to the trial court by written motion, answer, or response shall not be considered on appeal as grounds for reversal).

Second, a defendant moving for summary judgment on the basis of limitations has the burden to prove the defense as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Once it does that and to avoid summary judgment, the plaintiff, in turn, must "adduce some . . . proof raising a fact issue in avoidance of the statute of limitations." *Id.* Here, Noble does not dispute that his ADA claim was filed outside the time periods mandated by applicable statutes of limitation. Instead, he seeks to avoid application of those statutes by invoking §16.068 of the Texas Civil Practice and Remedies Code. GAccording to §16.068, "[i]f a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment . . . to the pleading that changes the facts or grounds of liability . . . is not subject to a plea of limitation unless the amendment . . . is wholly based on a new, distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM. CODE ANN. §16.068 (Vernon 1997). In other words, if the Plaintiff alleges a cause of action within the

8

statute of limitations then amends his petition to aver one outside limitations, the new cause will nonetheless be deemed timely unless it is based on a new, distinct, or different transaction or occurrence. Given this, the fact that he invokes §16.068 to avoid the defense of limitations, and the teachings of *KPMG Peat Marwick*, it was incumbent upon Noble to present some competent evidence sufficient to raise a question of fact on each element of §16.068. This he did not do. For instance, rather than provide evidence illustrating that his ADA claim was not based on a wholly new or distinct transaction, he simply alleged and concluded in his response to summary judgment that it arose from the same facts, transactions, or occurrences which gave rise to his other causes of action. Such unsworn conclusory statements contained in a response to a motion for summary judgment are not competent summary judgment evidence. *Texas Division - Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex. 1994) (holding that conclusory statements are not competent summary judgment evidence); *Elam v. Yale Clinic,* 783 S.W.2d 638, 642 (Tex. App.—Houston [14th Dist.] 1989, no writ) (holding that unsworn statements are not competent summary judgment evidence). Nor do they raise material issues of fact. *Dubois v. Harris County,* 866 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that fact issues must be raised by competent summary judgment evidence). Thus, Noble did not satisfy his burden to present some evidence sufficient to raise a fact issue in avoidance of limitations, as required by *KPMG Peat Marwick*.

Brian Quinn
Justice

9