# NO. 12-13-00344-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF DIBOLL, TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *LOUIE LAWSON, REPRESENTATIVE*<br>*OF THE ESTATE OF CAROLYN BURNS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The City of Diboll, Texas, appeals the trial court's order denying its plea to the jurisdiction, seeking that the trial court dismiss the claim against it pursued by Louie Lawson, as the personal representative of the estate of Carolyn Burns. In two issues, the City argues that the recreational use statute applies to Lawson's claim, and that his pleadings and the undisputed evidence conclusively establish that the City was not grossly negligent as required by the recreational use statute. We reverse and render judgment.

### BACKGROUND

In the early afternoon hours of March 27, 2010, Burns went to Old Orchard Park, which was owned and operated by the City, to watch her granddaughter's softball game. After the game concluded, Burns exited the park. While returning to her vehicle, Burns tripped on an approximately four inch hollow pipe protruding upward from the center of the walkway on park grounds. The pipe would ordinarily act as a receptacle for a pole, creating a barrier that prevents vehicles from entering that area of the park. The pole was not in place when Burns tripped and fell, and she suffered serious injuries as a result of the fall.

Burns sued the City, raising a premises defect claim. Following her death in an unrelated automobile accident, Louie Lawson, the personal representative of Burns's estate, was

substituted as the plaintiff. The City filed a plea to the jurisdiction and a motion for summary judgment. The trial court denied both. The City filed this interlocutory appeal challenging only the trial court's denial of its plea to the jurisdiction.[1]

## PLEA TO THE JURISDICTION

In its first issue, the City argues that Burns was engaged in "recreation" under the recreational use statute, and that consequently, Lawson was required to plead and prove that the City acted with gross negligence. In its second issue, the City contends that Lawson's petition does not allege that the City acted with gross negligence, and the undisputed evidence establishes that it was not grossly negligent. Accordingly, its argument continues, the trial court should have granted its plea to the jurisdiction and dismissed Lawson's suit. Because these issues are related, we address them together.

### Standard of Review

A plea to the jurisdiction is a dilatory plea, and its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law. *Id.* Therefore, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.*

The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002) (per curiam). When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's pleadings, we accept as true all factual allegations in the pleadings to determine if the plaintiff has met her burden to plead facts sufficient to confer jurisdiction on the court. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We examine the pleader's intent and construe the pleadings in the plaintiff's favor. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Ramirez*, 74 S.W.3d at 867. A plea to the jurisdiction may be granted without allowing the plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

---

[1] A governmental unit has a right of interlocutory appeal from a district court's order that denies its plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2014).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see **Bland Indep. Sch. Dist.***, 34 S.W.3d at 555. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228. This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* We take as true all evidence favorable to the nonmovant and indulge every reasonable interest and resolve any doubt in favor of the nonmovant. *Id.*

If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## Texas Tort Claims Act (TTCA)

Sovereign immunity generally protects the State against lawsuits for money damages absent clear and unambiguous legislative consent to sue. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Governmental immunity provides this protection to political subdivisions of the State, including cities, and is derived from the State's sovereign immunity. *Id.* at 134 n.5. Section 101.021 of the TTCA waives immunity in three scenarios: (1) negligent operation or use of a motor-driven vehicle or equipment by an employee of a governmental unit;[2] (2) negligent use of tangible personal property by an employee of a governmental unit; and (3) premises defects. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)-(2) (West 2011). Lawson's cause of action in this case is for premises liability.

## Recreational Use Statute

With regard to premises liability claims, Section 101.058 of the TTCA further modifies a governmental unit's waiver of immunity by imposing the additional limitations on liability articulated in the recreational use statute. *Miranda*, 133 S.W.3d at 225 (citing TEX. CIV. PRAC.

---

[2] Under the TTCA, the definition of a "governmental unit" includes cities. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2014).

& REM. CODE ANN. § 101.058 (West 2011) ("To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under [the TTCA], Chapter 75 controls.")).

The recreational use statute provides, in relevant part, that "if a person enters premises owned, operated, or maintained by a governmental unit and engages in *recreation* on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a *trespasser* on the premises." TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f) (West 2011) (emphasis added).

The statute provides a nonexclusive list of activities that constitute "recreation," including picnicking and hiking. *Id.* § 75.001(3)(F), (G) (West 2011). The statute also defines "recreation" as "any other activity associated with enjoying nature or the outdoors." *Id.* § 75.001(3)(L); *see City of Bellmead v. Torres*, 89 S.W.3d 611, 615 (Tex. 2002). In determining whether a particular activity is "recreational" for purposes of the recreational use statute, the relevant inquiry is what the plaintiff was doing at the time the plaintiff was injured. *Torres*, 89 S.W.3d at 614. The courts have decided that various other activities constitute recreation under the statute, even though they are not expressly listed. *See, e.g., City of Bellmead,* 89 S.W.3d at 614–15 ("In our view, sitting on a swing is the type of activity that the Legislature intended to include as recreation when they enacted the Statute."); *City of Plano v. Homoky,* 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.) (concluding that walking through clubhouse in between holes at golf course was recreation); *Dubois v. Harris Cnty.*, 866 S.W.2d 787, 789 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that plaintiff was engaged in recreation when she fell because of hole in ground that normally held missing traffic deterrent pole at county park).

## Gross Negligence

The law is well established that a premises owner owes a trespasser only a duty "not to injure that person willfully, wantonly, or through gross negligence." *Miranda*, 133 S.W.3d at 225. As such, gross negligence is the minimum degree of culpability in order for a governmental unit to waive its immunity and invoke the subject matter jurisdiction of the trial court when the recreational use statute applies. *See id.* In the recreational use statute context, gross negligence means an "act or omission involving subjective awareness of an extreme degree of risk,

4

indicating conscious indifference to the rights, safety, or welfare of others." *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006).

**Discussion**

The City argues that Burns was engaged in recreation while she walked to her car after spectating at her granddaughter's softball game, and that Lawson's petition and proof conclusively negate gross negligence. Lawson argues that relevant legal authorities hold that such activity is not recreation, and he was not required to plead or prove that the City acted with gross negligence.

1. **Burns was engaged in "recreation" when she was injured.**

There is a conflict among the courts of appeal as to whether spectating at a sporting event constitutes recreation. *Compare **Univ. of Tex. at Arlington v. Williams**,* No. 02–12–00425–CV, 2013 WL 1234878, at *3 (Tex. App.—Fort Worth Mar. 28, 2013, pet. granted) (mem. op., not designated for publication) ("Neither spectating at a sporting event nor exiting the premises after spectating is like the activities listed as recreation under the recreational use statute. Nor do these activities fall within the section's catchall of 'any other activity associated with enjoying nature or the outdoors.'") *with **Sam Houston State Univ. v. Anderson***, No. 10–07–00403–CV, 2008 WL 4901233, at *3 (Tex. App.—Waco Nov. 12, 2008, no pet.) (mem. op., not designated for publication) (holding that sitting on bleachers at an outdoor baseball stadium and watching state university baseball game was recreation under recreational use statute).

We agree with the holding in ***Anderson*** that spectating at a sporting event constitutes recreation. *See **Anderson***, 2008 WL 4901233, at *3. The statute identifies picnicking and hiking as recreation. TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(F), (G). If walking and, separately, sitting while consuming food at an outdoor public park constitute recreation, then we likewise conclude that spectating at an outdoor public park sporting event is "associated with enjoying the outdoors."

The recreational use statute contemplates recreation not only when the person is actively engaged in recreation but also when the person is traveling to and from the recreational area while on the "premises." *See, e.g., **Homoky***, 294 S.W.3d at 816; ***Dubois***, 866 S.W.2d at 789–90 (recognizing that a parking area or road would be a necessary and integral part of a recreational area). Other courts have concluded that traveling from the event after its conclusion is not recreation. *See **Vidrine v. Ctr. for the Performing Arts at the Woodlands***, No. 09–12–00378–

CV, 2013 WL 5302654, at *4–5 (Tex. App.—Beaumont Sept. 19, 2013, pet. denied) (mem. op., not designated for publication) (holding that the plaintiff was not engaged in recreation where her injury occurred after leaving a concert at the Woodlands Pavilion "when she fell down a set of steps along the Woodlands Waterway," an area between the Pavilion and the lot where she parked her car); *Williams*, 2013 WL 1234878, at *3 ("Neither spectating at a sporting event nor exiting the premises after spectating is like the activities listed as recreation under the recreational use statute.").

The statute applies to recreational activities that occur on the "premises." TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f). It defines "premises" to include not only the land itself, but "roads" and "private ways" attached to or located on the land. *Id.* § 75.001(2). Thus, we agree with the analysis in *Homoky* and *Dubois* that an injury occurring on the premises while walking to and from the activity is part of the larger recreational event, and also qualifies as recreation. *Homoky*, 294 S.W.3d at 816; *Dubois*, 866 S.W.2d at 789–90.

In summary, we hold that Burns was engaged in recreation when she was injured on the premises while returning to her vehicle after spectating at her granddaughter's softball game. *See Dubois*, 866 S.W.2d at 789 (holding that plaintiff was engaged in recreation when she fell because of hole in ground that normally held missing traffic deterrent pole at county park).

### 2. Lawson's petition affirmatively negates jurisdiction.

Because Burns was engaged in "recreation," Lawson must also plead facts, and the evidence must raise a fact issue, that the City acted with gross negligence to invoke the trial court's subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 225, 227. As we previously stated, a plea to the jurisdiction may be granted without allowing the plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

Lawson alleged in his petition that the City owed Burns "the same duties that a private person owes to a licensee on private property because she was not charged an admission fee." He alleged in conclusory terms, without alleging supporting facts, that the City had actual knowledge that the pole had been removed. Lawson also asserted in his petition that the City had a duty to ensure the premises did not present a danger to Burns, and that it had the duty to either warn of the danger or make the condition reasonably safe. These are the elements required to prove a premises defect claim as a licensee, not as a trespasser. *See Stephen F. Austin State*

6

***Univ. v. Flynn***, 228 S.W.3d 653, 660 (Tex. 2007) (citing ***State Dep't of Highways & Pub. Transp. v. Payne***, 838 S.W.2d 235, 237 (Tex. 1992) (reciting elements of premises defect claims and noting that even licensee must prove owner had actual knowledge of condition)). Importantly, Lawson also stated in his petition that "no exception to the waiver of immunity bars the claim because no exception applies."

Moreover, Lawson concedes in his brief that he "has not alleged or attempted to prove that the City of Diboll acted with gross negligence." Instead, his argument rests on his contention that Burns was not engaged in recreation at the time she was injured. This is consistent with the allegation in the petition that "no exception to the waiver of immunity bars the claim because no exception applies."

Based upon the above referenced allegations in Lawson's petition and the concession in his brief that he has not alleged or attempted prove the City acted with gross negligence, we hold that Lawson's petition affirmatively negates the trial court's subject matter jurisdiction. Consequently, Lawson failed to invoke the trial court's jurisdiction.

We sustain the City's first and second issues.

## DISPOSITION

Having sustained the City's first and second issues, we ***reverse*** the trial court's order denying the City's plea to the jurisdiction, and ***dismiss*** Burns's suit for lack of subject matter jurisdiction. *See* TEX. R. APP. P. 43.2(c).

SAM GRIFFITH
Justice

Opinion delivered December 3, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 3, 2014

NO. 12-13-00344-CV

**CITY OF DIBOLL, TEXAS,**
Appellant
V.
**LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-01271-12-3)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the county court had no jurisdiction of the subject matter in this case and that its judgment same should be reversed and rendered, and the case dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of Appellee, **LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS,** be, and the same is, hereby **reversed** and judgment is **rendered dismissing** the case **for lack of subject matter jurisdiction**. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS,** for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*