**Opinion filed April 23, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-13-00010-CV

_____

## LISA KARL, Appellant

## V.

## BRAZOS RIVER AUTHORITY, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C44624**

## DISSENTING OPINION

The majority holds that Lisa Karl was engaged in activity related to "swimming," thus engaged in "swimming" and "recreation,"[1] when she fell and broke her ankle at the North D&D Public Use Area, a beach and swimming area on Possum Kingdom Lake owned by the Brazos River Authority,[2] and that the

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3) (West 2011).

[2]The Authority is a conservation and reclamation district created by statute that is a "river authority, a governmental agency, a municipality, and a body politic and corporate." TEX. SPEC. DIST. CODE ANN. § 8502.001(a) (West Pamph. 2014).

recreational use statute[3] bars her negligence claim for her injuries. I respectfully dissent because I would hold she was not engaged in recreation at the time of her injury.

## I. *Background Facts*

Karl and her sister, along with their children, all rode in Karl's vehicle to go swimming at Sandy Beach, but they got lost and arrived at the entrance of the North D&D Public Use Area. Karl drove up to the gatekeeper booth and asked if there was room for her group to swim. She learned there was room, so she parked her vehicle, got out of her vehicle, walked up a concrete step onto a slab where the gatekeeper booth was located, paid for a day pass for all, and learned of beach and swim areas appropriate for her small children. But Karl never got to the swim area: as she left the booth and stepped onto the same concrete step that she had previously gone up, the step gave way, and she fell and broke her ankle.

## II. *Discussion and Analysis*

I agree with the majority's analysis that Karl was on the premises of the Authority's recreation area, which only leaves the issue of whether she was engaged in recreation when she fell.[4] As I explain below, I would hold the answer is "no."

### A. *History and Purpose of the Recreational Use Statute*

In 1965, the recreational use statute began with an original purpose to keep private land open for hunting, fishing, and camping; however, in 1981, hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, and water sports were added, and the purpose broadened to

---

[3]CIV. PRAC. & REM. § 75.001(3).

[4]Section 101.058 of the Texas Tort Claims Act provides that Chapter 75 controls over the Texas Tort Claims Act. CIV. PRAC. & REM. § 101.058; *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). The recreational use statute applies if a plaintiff is engaged in "recreation" on the governmental unit's "premises" at the time of the injury. CIV. PRAC. & REM. § 75.002(f).

2

encourage owners to open more land for such uses.[5] *Univ. of Tex. at Arlington v. Williams*, No. 13-0338, 2015 WL 1285317, at \*4 (Tex. Mar. 20, 2015) (not yet released for publication).[6]

> But the Legislature did not provide that the statute was to cover recreation generally but rather defined the term through section 75.001(3)'s list of included activities. And although the Legislature has broadened the statute's reach over the years, it has not made it generally applicable to all refreshing, relaxing, or enjoyable activities. "Recreation" under the statute has remained more specific than the word's ordinary meaning.

*Id.*

### B. *Homoky and Dubois are Distinguishable*

The majority relies on *Homoky* and *Dubois* for holding that Karl was engaged in recreation as she walked to her vehicle. *City of Plano v. Homoky*, 294 S.W.3d 809, 816–17 (Tex. App.—Dallas 2009, no pet.); *Dubois v. Harris Cnty.*, 866 S.W.2d 787, 789 (Tex. App.—Houston [14th Dist.] 1993, no writ). In *Homoky*, the court held that a woman, who injured herself as she left the clubhouse on a golf course after she had completed a round of golf, was engaged in recreation. *Homoky*, 294 S.W.3d at 816–17. In *Dubois*, the court held that a woman who stepped into a hole that was left after the extraction of a dome post

---

[5]Later, in 1995, the legislature added public land and, in 1997, added "bird-watching" and a "catchall" provision that provided "any other activity associated with enjoying nature or the outdoors." CIV. PRAC. & REM. § 75.001(3); *Williams*, 2015 WL 1285317, at \*4–5. In 2005, bicycling and mountain biking, disc golf, dog walking, off-road motorcycling, off-road automobile driving, and the use of all-terrain vehicles, as part of the pleasure-driving category, were added. CIV. PRAC. & REM. § 75.001(3); *Williams*, 2015 WL 1285317, at \*5. Radio-controlled flying and related activities were added in 2007. CIV. PRAC. & REM. § 75.001(3); *Williams*, 2015 WL 1285317, at \*5. Hockey, in-line hockey, skating, in-line skating, skateboarding, roller-blading, soap box derby use, and paintball use also are enumerated activities for recreation on the premises of governmental units. CIV. PRAC. & REM. § 75.002(e).

[6]The recreational use statute protects landowners who open property for recreational purposes, limiting their liability to the recreational user. CIV. PRAC. & REM. § 75.002; *Williams*, 2015 WL 1285317, at \*2. The statute accomplishes this by elevating the burden of proof in premises defect cases in which it applies; plaintiffs who are engaged in recreation and are injured may sue only for gross negligence. CIV. PRAC. & REM. § 75.002(f); *Williams*, 2015 WL 1285317, at \*2; *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

was engaged in recreation. *Dubois*, 866 S.W.2d at 789. The dome posts were used to separate the park's parking area from the park. *Id.* In *Homoky*, the injury occurred *after* the plaintiff had already played golf; her exit from the clubhouse was an activity that was construed under the "catchall" provision of Section 75.001(3) to be related to her participation in the unenumerated activity of golf.[7] *Homoky*, 294 S.W.3d at 816–17. In *Dubois*, the court noted that the plaintiff frequently took walks on the nature trail and that she was walking when she was injured. *Dubois*, 866 S.W.2d at 789. However, no facts were given about *when* the plaintiff was injured. *See id.* Neither *Homoky* nor *Dubois* involved someone who was injured *before* he or she had engaged in an enumerated activity.

*Homoky* cited to and referred to *Rule*, which in turn cited to and referred to *Flye*, in support of the *Homoky* court's analysis that activity "to and from" a recreational area is "recreation." *Homoky*, 294 S.W.3d at 816; *see City of Lubbock v. Rule*, 68 S.W.3d 853, 858–60 (Tex. App.—Amarillo 2002, no pet.); *Flye v. City of Waco*, 50 S.W.3d 645, 646 (Tex. App.—Waco 2001, no pet.). In *Rule*, a child suffered burns from a slide in a park when she attempted to climb the slide. *Rule*, 68 S.W.3d at 858. The *Rule* court held she was engaged in recreation when she suffered injury after she touched a slide that had become hot because a protective covering had worn off the slide; the court ruled that being on a slide in the park was closely related to activities one engaged in at a playground or park. *Id.* In *Flye*, a child suffered injury when a swing hit him in the head. *Flye*, 50 S.W.3d at 647. The child had just pushed someone on the swing, and the child slipped and fell just before he was struck by the swing. *Id.* But the plaintiff in

---

[7]Two other cases, *City of Bellmead* and *Martinez*, are also distinguishable because they do not deal with enumerated activities but, instead, concerned whether an activity fell within the ambit of the "catchall" provision of "activity associated with enjoying nature or the outdoors." *City of Bellmead v. Torres*, 89 S.W.3d 611, 615 (Tex. 2002); *Martinez v. Harris Cnty.*, 808 S.W.2d 257, 259 (Tex. App.—Houston [1st Dist.] 1991, writ denied). The majority does not rely on the "catchall" provision but limits its analysis to the enumerated activity of swimming. *See* Civ. Prac. & Rem. § 75.001(3)(C), (L).

*Flye* conceded that the child's activity was encompassed by the recreational use statute. *Id.*

Neither *Rule* nor *Flye* involved injuries that occurred when the injured party was "en route" to a recreation area; in both cases, the injured party was already on the premises. In *Rule*, the court held that the injured party had engaged in an unenumerated activity that was within the ambit of "activity associated with enjoying nature or the outdoors," a provision of the statute that is not relied upon by the majority in this case.[8] *Rule*, 68 S.W.3d at 858; CIV. PRAC. & REM. § 75.001(3)(L). In *Flye*, the plaintiff conceded that the activity was recreation covered by the statute. *Flye*, 50 S.W.3d at 647. There are several other cases that involve a plaintiff who suffered injury by an act *that followed* the plaintiff's engagement in either an enumerated activity or one within the "catchall" provision.[9] But, just as in *Homoky* and *Dubois*, none dealt with activity that occurred *before* the person was actually engaged in an enumerated activity.

---

[8]*See* Footnote No. 7.

[9]*Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 655 (Tex. 2007) (injured plaintiff was engaged in recreation, under Section 75.001(3)(M) (biking), when she fell off bike on trail, after being hit by water from a sprinkler); *City of Corpus Christi v. Ferguson*, No. 13-12-00679-CV, 2014 WL 495146, at *5 (Tex. App.—Corpus Christi Feb. 6, 2014, no pet.) (injured plaintiff was engaged in recreation, under Section 75.001(3)(D) (boating), when she walked back from marina showers after spending night on boat); *City of Dallas v. Patrick*, 347 S.W.3d 452, 457 (Tex. App.—Dallas 2011, no pet.) (injured woman was engaged in recreation, under Section 75.001(3)(I) (nature study), after she entered zoo and saw exhibits with children for nature study); *Univ. of Texas Health Sci. Ctr. at Houston v. Garcia*, 346 S.W.3d 220, 226–27 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (injured plaintiff was engaged in recreation, under Section 75.001(3)(L) (catchall), when he played beach volleyball on outdoor sand court); *City of Dallas v. Hughes*, 344 S.W.3d 549, 560–61 (Tex. App.—Dallas 2011, no pet.) (injured plaintiff was engaged in recreation, under Section 75.001(3)(M) (biking), when he rode bike on hiking and biking trail and fell because of buckled or displaced boards on a bridge on the path); *City of San Antonio v. Vasquez*, 340 S.W.3d 844, 846 (Tex. App.—San Antonio 2011, no pet.) (injured plaintiffs were engaged in recreation, under Section 75.001(3)(M) (biking), when they rode bicycle on bike path); *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 553 (Tex. App.—Fort Worth 2004, pet. denied) (injured plaintiff was engaged in recreation, under Section 75.001(3)(M) (biking), when he rode bike on biking and running path); *State ex rel. Tex. Dep't of Parks & Wildlife v. Shumake*, 131 S.W.3d 66, 80 (Tex. App.—Austin 2003), *aff'd sub nom. State v. Shumake*, 199 S.W.3d 279 (Tex. 2006) (decedent was engaged in recreation, under Section 75.001(3)(C) (swimming), when she drowned while swimming and tubing on river); *Garcia v. City of Richardson*, No. 05-01-01755-CV, 2002 WL 1752219, at *2 (Tex. App.—Dallas July 30, 2002, pet. denied) (injured plaintiff, who attended picnic and was injured while playing soccer, was engaged in recreation under Section 75.001(3)(F) (picnicking)).

*C. Karl's Case*

As outlined in *City of Bellmead*, the relevant inquiry is "what [the plaintiff] was doing when [the plaintiff] was injured." *City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002). Both *Homoky* and *Dubois* are distinguishable because Karl had not gone swimming before her injury. There is a difference between traveling "to" a recreation area or traveling "from" a recreation area because, in the latter, two activities occurr: first the recreation activity, golfing in *Homoky*, then the second activity that results in injury. In *Homoky*, the second act was determined to be closely related to the first act. The analysis in *Dubois* is not helpful because there was no discussion of *when* the injury took place and because the plaintiff was engaged in the same enumerated activity, hiking, that she engaged in on the nature trail.

At the time of her injury, Karl had not swum or even been near the water and had only engaged in one activity: she stepped on a step. The majority notes that she paid for the day pass and that she was headed to her vehicle to go to the swimming area, after she moved her vehicle, but neither her payment of the pass nor the inference of her intentions, before or after she purchased the pass, is a proper part of the "recreation" analysis. *See* CIV. PRAC. & REM. § 75.003(c) (West Supp. 2014); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (fee not an issue); *City of Bellmead*, 89 S.W.3d at 614 (intent not relevant). In addition, the majority does not hold that Karl was engaged in recreation when she went up the step, and the majority does not explain why going down a step is different than going up one. A logical extension of the majority's analysis would be that, once anyone enters any public recreational area and exits a vehicle, he or she would be engaged in recreation; such an extension would go beyond the statute's purpose to cover only specific activities, not recreation generally. *See Williams*, 2015 WL 1285317, at *4. I would hold that Karl was not engaged in recreation when she stepped off the concrete slab onto the concrete step

because that activity is neither swimming nor an activity related in any way to swimming.

### III. *Conclusion*

In his concurrence in *Williams*, Justice Boyd compared defining what constitutes "recreation" to untying Midas's "Gordian Knot."[10] As the majority and I have grappled with the knot, we have reached different conclusions. Because I would hold that Karl was not engaged in recreation, I respectfully dissent and would reverse the judgment of the trial court and remand the cause.

MIKE WILLSON

JUSTICE

April 23, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[10]*Williams*, 2015 WL 1285317, at *11.