**Opinion filed September 29, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00276-CV

_____

## CITY OF MIDLAND AND WASHINGTON AQUATIC CENTER, Appellants

## V.

## HERBERT BUNCH, INDIVIDUALLY AND AS NEXT FRIEND OF TREBREH BUNCH, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CC18606**

## M E M O R A N D U M   O P I N I O N

Herbert Bunch, individually and as next friend of Trebreh Bunch, sued the City of Midland and the Washington Aquatic Center for injuries that Herbert Bunch suffered when a bench broke while he was seated on it. Bunch specifically asserted negligence and premises liability claims in his original petition. The City of

Midland, which owned and operated the Center (together, the City), filed a plea to the jurisdiction in which it asserted that Bunch's claims related to recreational use and were barred by governmental immunity. Bunch subsequently amended his pleadings to add a cause of action for gross negligence. The trial court denied the City's plea in its entirety. The City filed an interlocutory appeal. We affirm in part and reverse and render in part.

In both his original and his amended pleadings, Bunch alleged that, on June 8, 2014, he "visited the Washington Aquatic Center swimming pool run by the City of Midland" and "paid $3.00 for entry into the pool on the day of the incident in question with his son." Bunch further alleged, "Upon entry into the swimming park, [Bunch] sat down on a park-styled bench in the swimming area; when he leaned back, the bench broke causing him to fall backwards to the ground, causing bodily injury and other damages." In his second amended petition, Bunch added that an employee of the City had approached him after his injury and told him that the bench was supposed to have been replaced but that the City had failed to replace it.

In his original petition, Bunch alleged ordinary negligence and premises liability based on "the condition of the rusted bench," which "presented an unreasonable risk of harm." He further alleged that he was an invitee of the City at the time of his injury; that the City breached its duty of care when it failed to inspect, warn, or correct hazardous conditions the City knew about; and that he was injured as a result of the City's failure to use ordinary care.

The City filed a plea to the jurisdiction in which it asserted that, at the time of the alleged injury, Bunch was engaged in recreation as that term is defined in the recreational use statute. The City also noted that Bunch had not alleged gross negligence. Therefore, the City argued, Bunch had not pleaded a cause of action for which governmental immunity had been waived. Bunch subsequently filed a first and second amended petition in which he alleged gross negligence in addition to his

2

ordinary negligence claims. The parties submitted no evidence relating to the trial court's jurisdiction. The trial court entered an order by which it denied the plea to the jurisdiction in its entirety.

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Such a plea challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). If a governmental unit is immune from a pending claim, the trial court lacks subject-matter jurisdiction as to that claim. *Rusk State Hosp. v. Black*, 392 S.W.3d 89, 95 (Tex. 2012). "Subject-matter jurisdiction is a question of law." *Karl v. Brazos River Auth.*, 494 S.W.3d 168, 171 (Tex. App.—Eastland 2015, pet. denied) (citing *Miranda*, 133 S.W.3d at 226). Thus, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.*

When a plea to the jurisdiction challenges the plaintiff's pleadings, as is the case here, we must examine the plaintiff's intent, construe the pleadings liberally in favor of the plaintiff, and accept the allegations in the plaintiff's pleadings as true to determine whether the plaintiff has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226.

Sovereign immunity generally protects the State from lawsuits for money damages. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Sovereign immunity extends to political subdivisions of the State, including cities. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2016). However, the Texas Tort

3

Claims Act (TTCA) provides a limited waiver of governmental immunity. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex. 2008); *Miranda*, 133 S.W.3d at 224. Specifically, the TTCA waives governmental immunity for three types of claims: (1) property damage, personal injury, and death caused by the use of a vehicle; (2) personal injury and death caused by a condition or use of tangible personal or real property; and (3) personal injury and death caused by premises defects. CIV. PRAC. & REM. §§ 101.021, .022, .025 (West 2011); *Miranda*, 133 S.W.3d at 225.

Liability under the TTCA, however, is further limited by "the recreational use statute." *Miranda*, 133 S.W.3d at 225; *see* CIV. PRAC. & REM. § 101.058 ("To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under [the TTCA], Chapter 75 controls."). The recreational use statute's purpose is to encourage landowners to open their lands to the public for recreational purposes. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). The statute limits the liability of the State and others who open their land for recreational purposes. *Id.* The statute provides in relevant part that, "if a person enters premises owned, operated, or maintained by a governmental unit and engages in *recreation* on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a *trespasser* on the premises." CIV. PRAC. & REM. § 75.002(f) (West 2017) (emphasis added). The degree of care owed to a trespasser is "not to injure that person willfully, wantonly, or through gross negligence." *Miranda*, 133 S.W.3d at 225.

The recreational use statute applies to a plaintiff who is engaged in "recreation" on the governmental unit's "premises." *Id.*; *City of Bellmead v. Torres*, 89 S.W.3d 611, 613–14 (Tex. 2002). The statute provides a nonexclusive list of activities that constitute "recreation," including "swimming" and "any other activity associated with enjoying nature or the outdoors." CIV. PRAC. & REM.

4

§ 75.001(3)(C), (L).  The statute defines "premises" to include not only the land itself, but also "buildings, structures, machinery, and equipment attached to or located on the land."  *Id.* § 75.001(2).

When we interpret statutes, we "give statutory terms their ordinary or common meaning unless context or a supplied definition indicates that a different meaning was intended."  *Melden & Hunt, Inc. v. East Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017) (citing *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014)).  Therefore, in order to determine whether sitting on a "bench in the swimming area" (as alleged in Bunch's pleadings) is "swimming" or is an activity associated with swimming or with enjoying nature or the outdoors, we take note of the common, ordinary meaning of the word "associated."  *See Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 129 (Tex. 2017) (stating that, to "determine the ordinary meaning of statutory terms, 'we typically look first to their dictionary definitions'" (quoting *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017))).  The dictionary defines "associate" as "closely connected (as in function or office) with another" and as "closely related esp. in the mind."  MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 75 (2004).

The facts alleged by Bunch in his pleadings indicate that he was involved in recreation at the time of his injury: either swimming or an activity associated or closely related to swimming or enjoying the outdoors.  *See City of Dalhart v. Lathem*, 476 S.W.3d 103, 108 (Tex. App.—Amarillo 2015, pet. denied) (holding that person was engaged in the recreational activity of swimming when she was injured, even though she was not in the water at the time, during a break while she sat with other swimmers at a picnic table on pool premises); *Karl*, 494 S.W.3d at 173 (holding that a person engages in recreation when the person is on the governmental unit's premises for a recreational activity as defined in the statute and is traveling to and

from the recreational area); *City of Plano v. Homoky*, 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.) (holding that person was engaged in an activity associated with enjoying nature or the outdoors when she fell in the clubhouse after a round of golf).

Our interpretation of the plain text of the statute also comports with the recreational use statute's aim to encourage landowners, including public landowners, to allow people to enter their premises for recreation by protecting those landowners from ordinary negligence suits if those same people injure themselves. *See Shumake*, 199 S.W.3d at 284; *Karl*, 494 S.W.3d at 172. The statute's aim would be encumbered if parents who bring their minor children onto premises for recreation, and who then stay to watch their children engage in recreation, could bring premises liability claims against the landowners under a theory of ordinary negligence while their children could not bring such suits. *See* TEX. GOV'T CODE ANN. § 311.023(1) (West 2013) ("In construing a statute, whether or not the statue is considered ambiguous on its face, a court may consider among other matters the: (1) object sought to be attained . . . .").

On appeal, Bunch contends that the recreational use statute does not apply to his claims because he was "parenting" his son and was not engaged in "recreation" at the time of the injury. Bunch cites two cases in which the Texas Supreme Court held that the recreational use statute does not apply to the activity of "spectating." *See Lawson v. City of Diboll*, 472 S.W.3d 667, 669 (Tex. 2015); *Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 57 (Tex. 2015). Bunch, however, did not plead that he was spectating, nor did he plead that he was parenting. We may not consider factual allegations presented in a party's brief, and in this appeal, we must accept the allegations in Bunch's petition as true and determine whether he alleged sufficient facts in his petition to affirmatively demonstrate the trial court's jurisdiction. We hold that, with respect to his negligence and premises defect claims

6

based on ordinary negligence, Bunch failed to allege sufficient facts to demonstrate the trial court's jurisdiction. Consequently, the trial court lacked subject-matter jurisdiction over those claims, and we sustain the City's issue on appeal to the extent that it relates to such claims.

The City additionally contends that Bunch failed to plead sufficient facts to establish waiver of sovereign immunity for his gross negligence cause of action. We disagree.

As noted previously, we must accept as true all factual allegations in Bunch's petition, construe the pleadings liberally, and look to his intent in assessing the adequacy of his pleading of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. Bunch pleaded that he entered the swimming park with his son and that he sat on a bench that broke underneath him, which caused him bodily injury. He alleged that an employee of the City then approached him and told him that the bench was supposed to have been replaced but that the City had failed to replace it. Bunch further alleged that, "[w]hen viewed objectively from the standpoint of Defendant at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others." Additionally, he alleged that the City was "actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes malice." We note that the recreational use statute "permits a premises defect claim for gross negligence." *Shumake*, 199 S.W.3d at 287. We hold that Bunch pleaded facts that affirmatively demonstrated the trial court's jurisdiction with respect to Bunch's claim of gross negligence. In doing so, we note that we have not reached the merits of Bunch's gross negligence claim, and we express no opinion in that regard.

Because the recreational use statute applies to Bunch's negligence and premises liability claims that are based on ordinary negligence, we reverse the trial

7

court's order insofar as it denied the City's plea to the jurisdiction as to those claims, and we render judgment dismissing those claims. We affirm the trial court's order insofar as it denied the City's plea with respect to Bunch's gross negligence claim.


JIM R. WRIGHT
CHIEF JUSTICE


September 29, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.