# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00256-CV

**Leonard Meredith and Angela Meredith,**
**Individually and as Next Friend of Courtney Meredith, a Minor, Appellants**

**v.**

**Mark Chezem as Next Friend of Carli Chezem, a Minor, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 39617, HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Leonard Meredith and Angela Meredith appeal from the trial court's judgment awarding actual damages to appellee Mark Chezem for personal injuries sustained by his daughter, Carli Chezem, in an all-terrain vehicle (ATV) accident that occurred on the Merediths' property.[1]  Because the recreational-use statute, *see* Tex. Civ. Prac. & Rem. Code §§ 75.001-.007, governs this dispute and Chezem failed to obtain a finding of gross negligence, malicious intent, or bad faith, as required by the statute, we reverse the judgment of the trial court and render judgment that Chezem take nothing on his claims.

---

[1] Notice of appeal for this case was originally filed in this Court in September 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court.  On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order.  *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

**BACKGROUND**

In 2010, Mark Chezem's daughter Carli was visiting with her friend, Courtney Meredith, at the Merediths' home in Burnet County. During the visit, the twelve-year-old girls asked the Merediths if they could drive around the Merediths' property on the family's ATV.[2] The Merediths gave the girls permission to use the ATV but did not accompany the girls or supervise their use.

Courtney and Carli rode the ATV around the Merediths' property that morning without incident before returning to the Merediths' house to pick up two additional minor passengers, Courtney's sister Emily and her friend. Although Emily initially drove the ATV, at some point during the excursion, Courtney assumed driving duties while the other three girls, including Carli, rode in the passenger seats. As the group traveled back to the Merediths' house, Courtney made a sharp left turn, causing the ATV to flip over. Carli sustained a broken ankle and a puncture wound, requiring two surgeries and physical therapy.

In 2011, Chezem filed suit on behalf of his daughter asserting claims for negligence, negligence per se, negligent entrustment, and gross negligence. Following a jury trial, the jury found that the Merediths' negligence proximately caused Carli's injuries and that she had sustained $88,620.38 in past and future damages. The jury also expressly found that the Merediths' actions did not constitute gross negligence.

Citing the recreational-use statute, the Merediths filed a motion for entry of judgment requesting that the trial court sign a judgment declaring that Chezem take nothing on his claims.

---

[2] Leonard Meredith's undisputed testimony at trial establishes that the property is used for farm and ranch work, including keeping cattle and growing hay and wheat.

2

*See* Tex. R. Civ. P. 301 (permitting judgment notwithstanding verdict); *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 885 (Tex. App.—Dallas 2014, pet. denied) (explaining that judgment notwithstanding verdict is proper when "(1) the evidence is conclusive and one party is entitled to judgment as a matter of law, or (2) a legal principle precludes recovery"). The trial court denied the Merediths' motion, and instead signed a judgment awarding actual damages in the amount found by the jury. This appeal followed.

## DISCUSSION

In their first issue on appeal, the Merediths assert that the trial court erred in denying their motion for a take-nothing judgment because, according to the Merediths, the undisputed evidence establishes that the recreational-use statute applies to Chezem's claims and required Chezem to obtain a finding of gross negligence, malicious intent, or bad faith.

The recreational-use statute was enacted to encourage landowners, both governmental entities and private parties, to open their land to the public for recreational use by limiting their potential liability for injury. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 626 (Tex. 2009). Under the statute, the owner, lessee, or occupant of agricultural land does not assure that the premises are safe for recreational purposes and does not assume responsibility for the actions taken by persons permitted or invited to enter the property for recreation.[3] Tex. Civ. Prac. & Rem. Code § 75.002(b).

---

[3] In relevant part, Section 75.002 provides:

> If an owner . . . of agricultural land gives permission to another or invites another to enter the premises for recreation, the owner, . . . by giving the permission, does not:

3

In addition, the statute "creates a legal fiction, classifying the invited recreational user of the property as a trespasser" and, in effect, restricts landowner liability by raising the burden of proof to that of gross negligence, malicious intent, or bad faith. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *see* Tex Civ. Prac. & Rem. Code § 75.002(b)(3), (d).

In this case, the parties do not dispute that the Merediths' property is "agricultural land," as that term is used in the recreational-use statute. *See id.* § 75.001(1)(c). In addition, the undisputed evidence establishes that Carli was an invited social guest to the Merediths' property and was "invited to enter the premises." *See id.* §§ 75.002(b), .003(h). Nevertheless, Chezem argues that the jury's finding of ordinary negligence is sufficient to support the trial court's judgment because the limitation on liability found in the recreational-use statute does not apply in this case for three reasons.

First, Chezem argues that the recreational-use statute does not govern this dispute because Carli was not engaged in "recreation" at the time of the accident that is the basis of his claims. The statute applies if a claimant is engaged in "recreation" on the property at the time of the

---

(1)    assure that the premises are safe for that purpose;

(2)    owe to the person to whom permission is granted or to whom the invitation is extended a greater degree of care than is owed to a trespasser on the premises; or

(3)    assume responsibility or incur liability for any injury to any individual or property caused by an act of the person to whom permission is granted or to whom the invitation is extended.

Tex. Civ. Prac. & Rem. Code § 75.002(b).

4

alleged injury, even if the claimant entered the premises for some other purpose. *City of Bellmead v. Torres*, 89 S.W.3d 611, 613-14 (Tex. 2002). "Recreation" is statutorily defined and expressly includes "pleasure driving, including . . . the use of all-terrain vehicles." *See* Tex. Civ. Prac. & Rem. Code § 75.001(3)(H). Although Chezem does not dispute that the girls were engaged in "recreation" as they explored the Merediths' property using the ATV, he contends that at the time of the accident, the girls had already completed their excursion and were traveling back to the house, "super wet and muddy and cold." In effect, Chezem asserts that the recreational-use statute does not apply because the girls were not "pleasure driving," or otherwise engaging in "recreation," at the very moment the accident occurred.

A claimant need not be actively participating in the recreational activity at the exact moment of the injury, however, to come within the purview of the recreational-use statute. *See Karl v. Brazos River Auth.*, 494 S.W.3d 168, 172 (Tex. App.—Eastland 2015, pet. denied). Instead, Texas courts have recognized that a person is engaged in "recreation" under the statute not only when actively participating in recreation but also when engaged in acts incidental to that recreation. *See, e.g.*, *id*. (concluding that recreational-use statute applied to claimant who fell in parking lot because claimant was injured during conduct on premises related to activity of swimming); *City of Plano v. Homoky*, 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.) (concluding that recreational-use statute applied to claimant who fell in clubhouse after playing golf because conduct at time of injury was related to activity of golf). Here, even assuming (as Chezem implies) that Carli was not having a pleasurable experience on the ATV in the moments immediately preceding the accident, she was, at the very least, "us[ing] [an] all-terrain vehicle[]" and in the process of

5

concluding her "pleasure driving" excursion. *See* Tex. Civ. Prac. & Rem. Code § 75.001(3)(H). Based on the undisputed evidence, we conclude that Carli was engaged in "recreation" at the time of the accident.

In his second argument, Chezem asserts that the recreational-use statute does not apply because the evidence establishes that the ATV was an "attractive nuisance." Under the attractive-nuisance doctrine, the owner or occupier of premises owes a trespassing child the same duty as an invitee with respect to a "highly dangerous artificial condition on the land." *See id.* § 75.007(c) (codification of common-law doctrine of attractive nuisance); *Texas Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193-94 (Tex. 1997) (outlining common-law elements of attractive nuisance (citing Restatement 2d of Torts § 339)). As Chezem points out, the statute specifically provides that "[it] does not affect the doctrine of attractive nuisance," subject to certain exceptions not at issue here. Tex. Civ. Prac. & Rem. Code § 75.003(b).

When a plaintiff asserts a claim under the attractive-nuisance doctrine, whether an attractive nuisance exists is an issue of duty and therefore a question of law for the court to decide. *Entergy Gulf States, Inc. v. Isom*, 143 S.W.3d 486, 491 (Tex. App.—Beaumont 2004, pet. denied); *see Nabors v. Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (explaining that "the existence of a duty is a question of law"). On the other hand, when an attractive-nuisance exists, the determination of whether a landowner has breached his duty under the doctrine by failing to exercise reasonable care to eliminate the danger is a question of fact. *See Aguirre v. Vasquez*, 225 S.W.3d 744, 757 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (explaining that in negligence claims, "resolution of a defendant's possible breach of duty is a question of fact"). Chezem does not cite, nor have we found, any authority suggesting that an ATV may be considered "a highly dangerous

6

artificial condition on the land." *See* Tex. Civ. Prac. & Rem. Code § 75.007(c). Moreover, Chezem did not plead a claim based on attractive nuisance and did not request that the trial court submit a question to the jury based on an attractive-nuisance theory. *See* Tex. R. Civ. P. 278. Consequently, Chezem has waived that potential ground of recovery, and it cannot serve as an independent basis for affirming the trial court's judgment. *See id.* R. 279; *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 684 (Tex. App.—Austin 2002, pet. denied) (concluding that appellant who failed to plead and to submit jury question waived issue on appeal).

In his third argument, Chezem argues that the trial court's judgment should be affirmed because the Merediths' liability is based on the Merediths' negligent actions and, according to Chezem, the recreational-use statute applies only to premises-defect cases. "[A]s a general proposition, a landowner . . . 'is not liable for injury to trespassers caused by his failure to exercise reasonable care [1.] to put his land in a safe condition for them, or [2.] to carry on his activities in a manner which does not endanger them.'" *Shumake*, 199 S.W.3d at 285 (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 58 at 393-94 (5th ed. 1984)); *see also Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam) (concluding that wrongful-death claim failed as matter of law because defendants did not owe claimants, who were trespassers, ordinary negligence duty). Similarly, the Texas Supreme Court has recognized that the recreational-use statute's limitation on liability under section 75.002 "does not distinguish between injuries caused by conditions and activities." *Shumake*, 199 S.W.3d at 287. Consequently, the recreational-use statute applies to Chezem's claims based on negligent acts or omissions, so long as the claims otherwise fall within the scope of the statute.

Finally, Chezem argues, in the alternative, that even if the recreational-use statute applies, the record is sufficient to support the judgment because it establishes as a matter of law that the Merediths committed negligence per se by failing to comply with section 663.032 of the Texas Transportation Code. *See* Tex. Transp. Code § 663.032 (providing that person younger than 14 must be supervised when operating ATV). "Negligence per se is a tort concept where a plaintiff establishes breach of legal duty based on the violation of statute that was designed to prevent an injury to that class of persons to which the plaintiff belongs." *Carrera v. Yanez*, 491 S.W.3d 90, 94 (Tex. App.—San Antonio 2016, no pet.). As previously discussed, the recreational-use statute generally immunizes landowners from liability unless they have committed gross negligence or have engaged in willful or malicious conduct. *Shumake*, 199 S.W.3d at 287-88. Nothing in the statute suggests that its limitation on landowners' liability does not apply to ordinary negligence claims based on negligence per se theories, as they are in this case. *See* Tex. Civ. Prac. & Rem. Code § 75.003 ("Application and Effect of Chapter"). Thus, even if the evidence conclusively established that the Merediths committed negligence per se, we could not conclude that this evidence, standing alone, is sufficient to support the trial court's judgment.

The undisputed evidence demonstrates that Carli was invited to enter the Merediths' agricultural land for recreation. *See id.* § 75.002(b). Chezem's claims are therefore governed by the recreational-use statute, and Chezem was required to plead and prove that Carli was injured as a result of gross negligence, malicious intent, or bad faith. *See id.* § 75.002(b), (d). Although Chezem pleaded that Carli was injured as a result of grossly negligent actions by the Merediths, he failed to obtain a finding in his favor on this issue. Instead, the jury found that the Merediths were negligent but not grossly negligent. As the Texas Supreme Court has observed, "[G]ross negligence is not

8

synonymous with negligence, but rather requires the existence of an extreme risk of serious injury or death, evaluated both objectively and subjectively." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) (citing *Shumake*, 199 S.W.3d at 287); *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (applying gross-negligence standard to recreational-use statute). The jury's finding that the Merediths were negligent is insufficient to support the trial court's judgment.[4] Because the trial court erred in denying the Merediths' motion for judgment, we sustain the Merediths' first issue on appeal.

## CONCLUSION

We reverse the judgment of the trial court and render judgment that appellee take nothing on his claims.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Reversed and Rendered

Filed:   December 7, 2018

_____

[4] In their second issue on appeal, the Merediths assert that the trial court erred in allowing the submission of a negligence per se instruction as to Courtney. Because the Merediths' first issue is dispositive to this appeal, we do not decide this issue. *See* Tex. R. App. P. 47.1.